[Cite as *State v. Smale*, 2026-Ohio-2559.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

  v.

RICHARD SMALE JR.,

     DEFENDANT-APPELLANT.

CASE NO. 9-25-38

OPINION AND
JUDGMENT ENTRY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

  v.

RICHARD SMALE JR.,

     DEFENDANT-APPELLANT.

CASE NO. 9-25-39

OPINION AND
JUDGMENT ENTRY

Appeals from Marion County Common Pleas Court
General Division
Trial Court Nos. 25-CR-345 and 25-CR-343

Case Number 9-25-38: Judgment Affirmed in Part, and Reversed in Part
Case Number 9-25-39: Judgment Affirmed

Date of Decision: July 6, 2026

**APPEARANCES:**

*William T. Cramer* **for Appellant**

*T. Parker Schwartz II* **for Appellee**

**WALDICK, J.**

{¶1} This is a consolidated appeal in which the defendant-appellant, Richard Smale, Jr. ("Smale"), appeals the judgments of sentence entered against him in two cases in the Marion County Court of Common Pleas, following his pleas of guilty in those cases. For the reasons set forth below, we affirm in part and reverse in part.

*Procedural History and Factual Background*

{¶2} In Case Number 9-25-38 (2025 CR 345), a single-count indictment was returned against Smale on September 10, 2025, charging him with Domestic Violence, a fourth-degree felony in violation of R.C. 2919.25(A) and (D)(3). In Case Number 9-25-39 (2025 CR 343), a two-count indictment was returned against Smale on September 10, 2025, charging him in Count 1 with Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(2), and in Count 2 with Domestic Violence, a fourth-degree felony in violation of R.C. 2919.25(A) and (D)(3).

{¶3} On September 15, 2025, arraignments were held in both cases and Smale entered initial pleas of not guilty to the two indictments.

{¶4} On December 2, 2025, the two cases were resolved with negotiated pleas of guilty. In Case Number 9-25-38, Smale pled guilty to Domestic Violence, as charged in the indictment. In Case Number 9-25-39, Smale pled guilty to Felonious Assault, as charged in Count 1 of the indictment, in exchange for a dismissal of Count 2. Pursuant to the negotiated plea arrangements, the prosecution and the defense also agreed in both cases to jointly recommend a sentence of community control, with a community-based correctional facility ("CBCF") evaluation. In the advice of rights provided to Smale prior to him entering the guilty pleas, the trial court informed Smale that the court retained discretion as to the sentences to be imposed, notwithstanding the joint sentencing recommendation, which Smale acknowledged. The trial court then accepted the guilty pleas in the two cases, and ordered a presentence investigation.

{¶5} On December 16, 2025, a joint sentencing hearing was held in the two cases. In Case Number 9-25-39, the trial court sentenced Smale for the Felonious Assault to an indefinite term of two to three years in prison. In Case Number 9-25-38, the trial court sentenced Smale to five-year term of community control, to be served concurrently with the prison sentence in the other case. As a condition of the community control sentence imposed in Case Number 9-25-38, the trial court ordered that, upon Smale's release from prison in the other case, he was to enter and successfully complete the West Central CBCF program.

{¶6} On December 17, 2025, the trial court journalized its sentencing orders in both cases.

{¶7} On December 22, 2025, Smale filed a notice of appeal in both cases. On January 15, 2026, this Court ordered that the two appeals be consolidated.

{¶8} On appeal, Smale raises one assignment of error, relating to the sentences imposed by the trial court.

**Assignment of Error**

**The trial court imposed an unlawful sentence by imposing a term of confinement in a community based correctional facility consecutive to a prison term.**

{¶9} In the sole assignment of error, Smale argues that the trial court erred in sentencing Smale to prison in Case Number 9-25-39 while sentencing Smale to a concurrent five-year term of community control in Case Number 9-25-38, with a condition of that community control being that Smale must complete a term at a CBCF following Smale's release from prison in the other case. Specifically, Smale asserts that, based on the decision of the Supreme Court of Ohio in *State v. Paige*, 2018-Ohio-813, the sentence in Case Number 9-25-38 is contrary to law due to the imposition of a term of confinement at a CBCF to be served consecutively to a prison term for a different offense.

{¶10} The standard of review applicable to this sentence-related claim is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002; R.C. 2953.08. The term "contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Jones*, 2020-Ohio-6729, ¶ 34, citing *Black's Law Dictionary* 328 (6th Ed. 1990).

{¶11} In the instant case, prior to turning our attention to *State v. Paige*, *supra*, the case upon which Smale bases his claim of sentencing error, we first take note of several statutory sections relevant to the review of the claim raised by Smale.

{¶12} Pursuant to R.C. 2929.16(A), with some exceptions not applicable here, "the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section." Pursuant to R.C. 2929.16(A)(1), one of the community residential sanctions that may be imposed is "a term of up to six months at a community-based correctional facility that serves the county[.]"

{¶13} R.C. 2929.41 governs concurrent and consecutive sentences. Pursuant to R.C. 2929.41(A), with several exceptions not applicable here, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."

{¶14} Finally, R.C. 1.05(A) provides:

> As used in the Revised Code, unless the context otherwise requires, "imprisoned" or "imprisonment" means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, a minimum security jail, *a community-based correctional facility*, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section.

(Emphasis added.)

{¶15} With those statutory provisions in mind, we now consider *State v. Paige*, 2018-Ohio-813. In *Paige*, the Supreme Court of Ohio reviewed a sentence consisting of community control sanctions, including a community-residential sanction at a CBCF, imposed for one offense, to run concurrently with a prison term imposed for a separate offense. *Id.*, ¶ 1. The Ohio Supreme Court concluded that the concurrent term of community control was proper but that the residential-sanction portion of the sentence was not authorized by statute. *Id.*

{¶16} In *Paige*, the trial court sentenced the defendant to a 42-month prison term for a sexual battery conviction, and sentenced the defendant to a five-year term of community control for a domestic violence conviction. *Paige*, ¶ 3. The community-control sentence included several conditions, including that Paige enter a CBCF upon his release from prison for the sexual battery count. *Id.*

{¶17} In reviewing Paige's sentence, the Ohio Supreme Court noted that R.C. 2929.41(A) provides that a "prison term, jail term, or sentence of imprisonment shall be served *concurrently* with any other prison term, jail term, or sentence of imprisonment imposed" unless a statutory exception applies, and that, pursuant to R.C. 1.05(A), "imprisonment" includes a term in a CBCF. *Paige*, ¶ 12. (Emphasis added.) Thus, the Ohio Supreme Court concluded that a term of confinement in a CBCF is a "sentence of imprisonment" under R.C. 2929.41(A). *Id.*

{¶18} The Ohio Supreme Court noted that, while a confinement term in a CBCF is a permissible community-residential sanction for certain felony offenders pursuant to R.C. 2929.16(A)(1), none of the statutory exceptions in R.C. 2929.41(A) applied to permit the CBCF term to run consecutively to the prison term imposed for the other offense. *Paige*, ¶ 13. Accordingly, the Ohio Supreme Court held that the trial court had no statutory authority to order, as part of the community-control sanction, that Paige be placed in a CBCF after his completion of the separate prison term. *Id*.

{¶19} In *Paige*, upon finding that the trial court had committed reversible error in ordering that the defendant enter and complete a CBCF residential program following his release from prison, the Supreme Court of Ohio determined that the appropriate remedy was to vacate only the improperly imposed residential sanction and leave the remaining conditions of the community-control sentence intact. *Paige*, ¶ 14.

{¶20} In the instant appeal, we conclude that the holding of the Supreme Court of Ohio in *Paige* is applicable to the sentence of community control imposed by the trial court in Case Number 9-25-38. As in *Paige*, none of the statutory exceptions set forth in R.C. 2929.41 apply to the cases here. Accordingly, for the reasons set forth in *Paige*, the trial court had no authority to order, as part of the community-control sentence in Case Number 9-25-38, that Smale be placed in a CBCF after completing the prison term for a separate offense in Case Number 9-

25-39, because there is no statutory basis for placing him in a CBCF after his prison term is complete. *See, also*, *State v. Hitchcock*, 2019-Ohio-3246.

{¶21} The assignment of error is sustained as to Case Number 9-25-38, and overruled as to Case Number 9-25-39.

*Conclusion*

{¶22} Having found error prejudicial to the defendant-appellant in Case Number 9-25-38, the judgment of sentence imposed in that case is reversed in part. Specifically, on the basis of the remedy dictated by the Supreme Court of Ohio in *State v. Paige*, *supra*, we vacate only the improperly imposed residential sanction in Case Number 9-25-38, and leave the remaining conditions of the community-control sentence intact. In Case Number 9-25-39, having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the trial court is affirmed.

**Case Number 9-25-38:**
**Judgment affirmed in part,**
**and reversed in part.**

**Case Number 9-25-39:**
**Judgment affirmed.**

**ZIMMERMAN, P.J., and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the judgment and order of this Court is as follows.

In Case Number 9-25-38, the judgment of the trial court is affirmed in part and reversed in part with costs assessed to Appellee for which judgment is hereby rendered. The cause is remanded to the trial court for further proceedings and for execution of the judgment for costs.

In Case Number 9-25-39, the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

---

Juergen A. Waldick, Judge

---

William R. Zimmerman, Judge

---

John R. Willamowski, Judge

DATED:
/jlm